IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1921.

---

JOHN GREGUTIS, RESPONDENT, v. MORRIS STEINBERG, APPELLANT.

Submitted December 1, 1921—Decided April 13, 1922.

Defendant obtained a rule to show cause why a verdict of the jury should not be set aside. The rule further provided that the allowance thereof should not prejudice the right of the defendant to take an appeal in case he should abandon the rule. The rule to show cause was brought on for hearing and discharged by the trial court. *Held*, that assuming that the conditional reservation contained in the rule to show cause is permitted by rule 129, the effect of the action of the defendant in prosecuting that rule to a final hearing and determination was to completely nullify the reservation and to bar him from thereafter taking or prosecuting an appeal.

---

On appeal from the Union County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *William R. Wilson.*

For the respondent, *Edward A. McGrath.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The plaintiff, Gregutis, sued the defendant for damages for the breach of a contract by the latter to convey a certain dwelling-house in the city of Elizabeth.  The trial resulted in a verdict in favor of the plaintiff.  The defendant thereupon applied for and obtained from the Circuit Court a rule requiring the plaintiff to show cause, on a day specified, why the verdict of the jury should not be set aside and for nothing holden.  The rule further provided that the allowance thereof should not prejudice the right of the defendant to take an appeal to the Supreme Court in case he should abandon the rule to show cause for a new trial.

Assuming that the reservation contained in the rule was a proper one (a matter which we do not now decide), it left two courses open to the defendant, viz., either to abandon his rule to show cause and take an appeal, or abandon his reserved right to appeal and prosecute the rule to a final decision.  The case shows that he saw fit to adopt the latter course—that is, that the rule to show cause was brought to a hearing upon the return day, and that after a consideration of the matters urged by him in support of the rule the trial court reached the conclusion that the verdict ought not to be disturbed and discharged the rule.

Rule 129 of the Supreme Court, which was section 214 of our revised Practice act of 1903, and which was subsequently made a rule of court by the new Practice act of 1912 (statutory rule No. 83, p. 399) provides that the "granting to a party a rule to show cause why a new trial shall not be granted, shall be a bar against him to taking or prosecuting an appeal except on points expressly reserved in said rule," and this standing rule of the court is made applicable to the several Circuit Courts as well as to the Supreme Court.

*Finley* v. *Handley,* 50 *N. J. L.* 503, 507; *Supreme Court Rule No.* 219.

Assuming that the conditional reservation contained in the rule to show cause allowed in the present case was such as is permitted by our standing rule 129, the effect of the action of the defendant in prosecuting that rule to show cause to a final hearing and determination was to completely nullify the reservation and to bar him from thereafter taking or prosecuting an appeal to this court.

For the reason indicated the appeal must be dismissed.